IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE SANDS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  NO. 3:18-cv-01353 ) JUDGE RICHARDSON ) |
| FAN FEST NEWS, LLC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Steve Sands's unopposed Motion for Default Judgment (Doc. No. 22, "Motion") against Defendant, Fan Fest News, LLC ("Fan Fest").[1] On August 5, 2019, pursuant to the Court's July 18, 2019 Order, Plaintiff filed a Supplemental Memorandum of Law ("Supplemental Brief") providing additional evidence and legal arguments in further support of its Motion. (Doc. No. 26). Defendant has not appeared or otherwise sought to defend itself in this action. For the reasons discussed below, Plaintiff's Motion will be **GRANTED IN PART**.

---

[1] For some reason, Plaintiff's Motion for Default Judgment refers twice to "Defendant, Sounds Like Nashville, LLC." (Doc. No. 22 at 1). However, Sounds Like Nashville, LLC is not a party to this action. Because Plaintiff correctly names Fan Fest in the caption and because Plaintiff moved correctly for default against Fan Fest pursuant to Federal Rule of Civil Procedure 55(a) (Doc. No. 16), the Court construes the Motion as against Fan Fest.

# BACKGROUND

A. <u>Factual Background</u>[2]

Plaintiff is a professional photographer engaged in the business of licensing his photographs to online and print media for a fee. (Doc. No. 1 ¶ 5). Plaintiff's usual place of business is New York. (*Id.*).

Defendant is a domestic limited liability company organized and existing under the laws of Tennessee with its place of business in Spring Hill, Tennessee. (*Id.* ¶ 6). At all relevant times, Defendant owned and operated a website at the URL: https://fanfest.com ("Website"). (*Id.*)

At some point,[3] Plaintiff photographed actor Jonathan Bernthal on the set of Netflix TV series *The Punisher*. (*Id.* ¶ 7).[4] On June 20, 2017, the photographs were registered with the United States Copyright Office under registration number VA 2-062-421. (Doc. No. 1-3).

On or about April 15, 2017, Defendant published an article on its Website titled *'The Punisher': Jon Bernthal Dons Icon Costume in New Photos* (Doc. No. 1-4, "Article"). (Doc. No. 1 ¶ 15). The Article featured four of Plaintiff's registered photographs ("Photographs"). According to Plaintiff, Defendant published the Photographs without obtaining Plaintiff's consent or authorization. Plaintiff alleges that Defendant is liable for willful copyright infringement of each of the four Photographs as a separate work.

---

[2] The facts as stated are taken from the Complaint and accepted as true for purposes of the Motion. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (holding that entry of default judgment "conclusively establishes every factual predicate of a claim for relief").

[3] Neither the Complaint, nor anything else the Court discerns in the record, indicates when Plaintiff took these photographs, except that the Complaint indicates that they must have been taken prior to Defendant's publication of them on or about April 15, 2017.

[4] Plaintiff alleges that the photographs were published within three months of applying for the registration and because the Complaint is unopposed that allegation is taken as true. *See Thomas*, 489 F.3d at 299.

B. Procedural Background

Plaintiff filed his Complaint against Defendant on December 7, 2018. (Doc. No. 1). Defendant was served on January 2, 2019, via personal service upon Defendant's registered agent. (Doc. Nos. 10, 19). Defendant did not respond, either within the time allowed by the Rule 12 of the Federal Rules of Civil Procedure or at any point thereafter. On May 22, 2019, the Clerk of Court issued an Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 20). On July 2, 2019, Plaintiff filed the instant Motion pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 22). To date, Defendant has not responded or otherwise sought to defend itself in this action.

Plaintiff currently seeks an award of statutory damages in the amount of $120,000 ($30,000 per Photograph) in civil penalties for willful copyright infringement pursuant to 17 U.S.C. § 504(c) and $1,500 in attorney's fees and $529.99 in costs pursuant to 17 U.S.C. §505. (Doc. No. 22-1 ¶¶ 10-12).

**LEGAL STANDARD**

In order to obtain a default judgment under Federal Rule of Civil Procedure 55, the plaintiff must have first secured an entry of default from the Clerk of Court, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R. Civ. P. 55(a). Upon entry of default, if the plaintiff's claim is not for a sum certain, he or she "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

Following an entry of default, the complaint's well-pleaded allegations pertaining to liability are taken as true. *In re Family Resorts of Am., Inc.*, No. 19-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, the default is not considered an admission of damages. *Vesligaj v. Peterson,* 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default

3

admits only [the defaulting party's] liability and the amount of damages must be proved."). In order to determine damages, the court can, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 9–cv–193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see also* Fed. R. Civ. P. 55(b)(2) (A district court "*may* conduct hearings ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.") (emphasis added)); *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

## DISCUSSION

A. <u>Liability</u>

The Clerk of Court has entered default against Defendant. (Doc. No. 20). Therefore, the Court accepts as true the allegations set forth in the Complaint. In order to determine Plaintiff's liability, the Court evaluates whether those allegations establish a copyright infringement claim.

To establish a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004)).

The first prong, which tests the originality and non-functionality of the work, is presumptively established by the copyright registration. See *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004). "The second prong tests whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright

protection (a legal matter)." *Id.* (citing *Kepner–Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 534-35 & n.14 (5th Cir. 1994)).

The Court finds that Plaintiff has adequately established both elements of his copyright infringement claim. First, Plaintiff has a valid copyright for the Photographs as presumptively established (without any subsequent rebuttal) by the registration attached to the Complaint. (Doc. No. 1-3). Second, Plaintiff alleges that without consent or permission, Defendant reproduced and publicly displayed the Photographs in an Article on its Website. Supporting that allegation, Plaintiff has attached as an exhibit to the Complaint a screenshot of the Article displaying the Photographs. (Doc. No. 1-4). Accordingly, Plaintiff is entitled to a default judgment.

B. Damages

Regarding a determination of damages, the Court concludes that neither an evidentiary hearing nor oral argument is necessary here. Rather, the Court finds that it is appropriate to decide this matter based on the written record in light of (1) Plaintiff's request for statutory damages, and (2) the fact that Defendant has failed to appear or otherwise defend itself in this action. *See Sony/ATV Music Publishing LLC v. 1729172 Ontario, Inc.*, No. 14-cv-1929, 2018 WL 4007537, at *6 (M.D. Tenn. Aug. 20, 2018) ("An inquest on paper, in lieu of a hearing, is particularly appropriate when the issue is the amount of statutory damages.") (citing *Rolex Watch USA, Inc. v. Brown*, No. 01 Civ. 9155 JGK AJP, 2002 WL 1226863, at *2 (S.D.N.Y. June 5, 2002)); *Hewlett-Packard Co. v. Capital City Micro, Inc.*, No. 4-cv-0779, 2006 WL 2503623, at *5 (M.D. Tenn. Aug. 28, 2006) ("It is, of course, well settled that a court, in lieu of a hearing, may rely on detailed affidavits and documentary evidence, along with its own personal knowledge of the record."); *Disney Enters., Inc. v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006) (granting default judgment and permanent injunction and awarding statutory damages and attorney's fees and costs

when defendant failed to defend the action and the district court concluded that no valid purpose would be served by requiring an evidentiary hearing).

The Copyright Act provides for either actual or statutory damages at the election of the plaintiff. The plaintiff must prove the amount of actual damages or seek statutory damages in a "sum of not less than $750 or more than $30,000 as the court considers just" for each work for which a copyright has been infringed. 17 U.S.C. § 504(c)(2). Additionally, the Copyright Act authorizes the Court to increase the statutory damages award to any amount up to $150,000 for each work involved, if the infringement was committed willfully. 17 U.S.C. § 504(c)(2).

"District courts have wide discretion in setting damages within the statutory range set forth in § 504(c)(1)." *King Records, Inc. v. Bennett,* 438 F. Supp. 2d 812, 852 (M.D. Tenn. 2006). This is because the statutory scheme is "designed not solely to compensate the copyright owner for losses incurred, but also to deter future infringement." *Johnson v. Jones,* 149 F.3d 494, 504 (6th Cir. 1998). In determining statutory damages, Courts may consider several factors, including "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of defendants' conduct, and the infringers' state of mind whether willful, knowing, or merely innocent." *King Records*, 438 F. Supp. 2d at 853. The court may also consider the deterrent effect on the infringer and third parties. *See Johnson*, 149 F.3d at 504.

In this case, Plaintiff elects to pursue statutory damages. He requests that the Court award damages of $30,000 per infringement for a total of $120,000.[5] Plaintiff offers no proof of actual

---

[5] The Court is satisfied that each one of the four Photographs constitutes a separate work, such that Plaintiff is entitled to separate statutory damage awards for each Photograph. (*See* Doc. No. 26). In another lawsuit brought by Plaintiff in the Southern District of New York, *Sands v. CBS Interactive Inc.*, No. 18-cv-7345, 2019 WL 1447014 (S.D.N.Y. Mar. 13, 2019), Plaintiff brought identical claims against a different defendant for willful copyright infringement of similar

damages. Rather, Plaintiff argues that statutory damages can be awarded without evidence demonstrating profit by the defendant or loss by the plaintiff. Plaintiff is not wrong. *See Disney Enters.*, 427 F. Supp. 2d at 816-17. However, as discussed above, when determining the amount of statutory damages to award for copyright infringement, courts consider the plaintiff's lost revenue and the defendant's earnings. Therefore, Plaintiff's decision not to offer such evidence may affect the amount of statutory damages the Court awards in its discretion. Although Plaintiff cites cases in support of his argument that he is not required to make a showing of profit by the defendant or loss to the plaintiff, those case do not dispute that the absence of such evidence may affect the award. *See Peer Intern. Corp. v. Max Music & Entertainment, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (declining to award $150,000 despite a showing of willfulness, where plaintiffs submitted no evidence of actual lost revenue or information regarding defendant's profits, because awarding the statutory maximum would result in an unjustifiably large recovery); *Starbucks Corp. v. Morgan*, No. 99 Civ. 1404, 2000 WL 949665, at *2 (S.D.N.Y. July 11, 2000) (reducing award of statutory damages from $25,000 to $7,500 where plaintiff did not offer proof of its actual damages); *Entral Grp. Int'l LLC v. Honey Cafe on 5th, Inc.*, No. 05-cv-2290, 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding the statutory maximum where plaintiff demonstrated willfulness and where plaintiff offered some evidence of lost license fees and estimated gross profits realized by defendants).

The Court has considered the factors for assessing statutory damages outlined above and finds that an award of $30,000 per infringement is excessive in this matter. Plaintiff argues that

---

photographs registered with the Copyright Office under registration number VA 2-024-098. In that case, the court held that Sands's photographs, which were registered as part of a group registration, as is the case here, constitute separate works. The court also held that Sands was entitled to seek a separate award of statutory damages on each photograph. *Id.* at *6.

the award is justified because (1) Defendant operates in the publishing industry, and (2) "the requested amount is consistent with a long-line of cases which award $30,000 per work where defendant has defaulted in a copyright infringement action." (Doc. No. 22-1 ¶ 15). Although Plaintiff's arguments are well-taken as far as they go, Plaintiff's decision not to submit evidence of lost revenue or other damages weighs against a $30,000 award.

On this point, the Court finds *Mantel v. Smash.com Inc.*, No. 19-CV-6113-FPG, 2019 WL 5257571 (W.D.N.Y. Oct. 17, 2019), particularly persuasive. In *Mantel*, the plaintiff brought a copyright infringement action against Smash.com Inc. ("Smash.com"), alleging that Smash.com published his copyrighted photograph on its website. 2019 WL 5257571, at *1. After Smash.com failed to appear or otherwise defend the action, the plaintiff moved for default judgment. The court examined the factors for determining statutory damages and concluded that damages of $2,500, not $30,000—as the plaintiff had requested—were appropriate for the copyright infringement of the plaintiff's photograph. Notably, in declining to award the plaintiff the statutory maximum as he requested, the court considered the plaintiff's decision not to present any evidence of lost revenue or other damages. The court held that "statutory damages need not be directly correlated to actual damages, but they ought to bear 'some relation to actual damages suffered.'" *Id.* at *3. (citing *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017)).

But just as *Mantel* persuasively counsels against a maximum award of statutory damages in a case similar to the one here, it also persuasively counsels against a bare-minimum award. In *Mantel*, as here, the Court found that the plaintiff's allegations and exhibits supported a finding that the defendant had acted willfully and that the defendant's status as a publisher of online media

made its infringement more blameworthy. For those reason, the court found that the plaintiff was entitled to an award greater than the statutory minimum.

Plaintiff's arguments here (which are outlined above) are strikingly similar. Therefore, the Court finds that because Defendant acted willfully,[6] the fact it operates in the publishing industry, and the need to deter such conduct justifies granting Plaintiff an award greater than the statutory minimum. *See Mantel*, 2019 WL 5257571 at *3. But absent proof of actual damages, the factors do not warrant an award of $30,000. Accordingly, the Court concludes that an award of $2,500 per infringement is appropriate. In the Court's opinion, an award of $2,500 is sufficient to deter Defendant and the public at large from engaging in this type of infringement. This opinion is consistent with those of other courts seeking to discourage the online publication of infringed photographs in which the plaintiffs provided no evidence of actual damages. *See id.*; *Philpot*, 2017 WL 9538900, at *9-10 (finding that where defendant made no showing of any actual damages, $2,500 per infringement for unauthorized use of two photographs "would [] be sufficient to punish [d]efendant for its willful infringement and to deter others from engaging in similar conduct in the future").

Plaintiff further argues that the requested amount is consistent with a long line of cases awarding the statutory maximum. But none of the six cases that Plaintiff cites involve the infringement of photographs published on a website. Moreover, four of them did consider the

---

[6] Defendant's willfulness allows the Court to increase the award up to a maximum of $150,000 per infringement. *See* 17 U.S.C. § 504(c)(2). The Supreme Court has held that a civil statute is "willfully" violated if the violator's actions "showed a disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985). Defendant's willfulness can be inferred based on Defendant's default alone. *See Sony/ATV Music Publishing*, 2018 WL 4007537 at *8). But because Plaintiff has relied exclusively on Defendant's default to show Defendant's willfulness and has not otherwise shown the disregard and indifference characteristic of willfulness, the "willfulness" factor does not weigh in favor of the maximum award sought by Plaintiff.

expenses saved and profits reaped by the defendants and/or the revenues lost by the plaintiffs. *See Tokar v. 8 Whispering Fields Assocs., Ltd.*, No. 08-cv-4573, 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011) (considering revenues lost by plaintiff where defendants utilized plaintiff's copyrighted architectural plans to replicate a high-end residential home); *Peer Int'l Corp.*, 2004 WL 1542253, at *4 (estimating plaintiffs' actual lost revenue where defendant made and distributed phonorecords embodying compositions belonging to plaintiff); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002) (considering plaintiff's actual damages where defendant copied plaintiff's website by posting identical source code at their own website); *Stevens v. Aeonian Press, Inc.*, No. 00 Civ. 6330, 2002 WL 31387224, at *1-2 (S.D.N.Y. Oct. 23, 2002) (considering net profits reaped by defendant where defendant infringed upon written works authored by plaintiff).

In addition to statutory damages, Plaintiff seeks an award of costs and attorney's fees. The Copyright Act provides that the district court, in its discretion, may award costs, including reasonable attorneys' fees, to the prevailing party in civil actions. *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005) (citing 17 U.S.C. § 505). In determining whether costs or attorneys' fees are warranted, "a court may consider (1) whether a complex or novel issue justified the litigation of the case, (2) whether the defendant made an attempt to avoid the infringement, and (3) whether the infringement was innocent." *Disney Enters.*, 427 F. Supp. 2d at 817. Although this case did not involve a complex or novel legal issue, because the factual allegations in the Complaint are taken as true, Defendant is deemed to have willfully infringed upon Plaintiff's copyright. Therefore, the infringement was not innocent, and Plaintiff is entitled to costs and fees. Here, Plaintiff seeks $529.99 in costs and $1,500 in attorney's fees. Plaintiff supports these amounts with an affidavit from his attorney. (Doc. No. 22-1). In particular, the

affidavit includes two itemized charts outlining the nature of the claimed costs and showing the expenditure of 7.5 hours of professional time billed at the rate of $200 per hour. (*Id.* ¶¶ 17-19). The Court has reviewed these costs and fees and finds the amounts to be reasonable. The costs and fees are therefore appropriately awarded as requested.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion (Doc. No. 22) will be **GRANTED IN PART**. Plaintiff is awarded $12,029.99 ($10,000 in statutory damages, $529.99 in costs, and $1,500 in attorney's fees).

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE